UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MIA JONES DAVINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 4:12-cv-00081-RLY-WGH |
| PNC BANK, NATIONAL ASSOCIATION ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFEDANT'S MOTION TO DISMISS**

**I.   Introduction**

In May 2006, Plaintiff, Mia Jones Daviner, and her then-husband, Marvin L. Jones, refinanced an earlier loan and mortgage on their North Vernon, Indiana home by executing a Promissory Note for $101,500.00 in favor of Prime 1 Mortgage Company. In October 2006, Prime 1 assigned Plaintiff's mortgage to National City Mortgage (a division of National City Bank). National City and Defendant, PNC Bank, National Association, merged in November 2009. Defendant is National City's successor in interest by virtue of this merger.

In January 2012, Plaintiff sent a letter to Defendant asking for validation of the debt evidenced by the Note. In response, Defendant provided Plaintiff with a copy of the Note and the loan application. Also in January 2012, Plaintiff sent a Qualified Written Request to Defendant, seeking a collection of documents pertaining to the debt. In February 2012, Defendant responded by objecting to Plaintiff's Qualified Written

Request on the grounds that it failed to identify a specific dispute concerning the Note. Nevertheless, Defendant still provided Plaintiff with (1) the Note; (2) the Mortgage; (3) the Good Faith Estimate; (4) the HUD-1 Settlement Statement; (5) the Truth-in-Lending Disclosure; and (6) a payment history and the payment history transaction codes. Plaintiff continued to make payments on the debt through June 15, 2012, but then defaulted by failing to make payments from July 2012 through October 2012. On July 30, 2012, Plaintiff filed this *pro se* complaint against Defendant, asserting two claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and one state law negligence claim. This matter now comes before the court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the court **GRANTS** Defendant's motion.

## II.     Motion to Dismiss Standard

Rule 12(b)(6) authorizes the dismissal of cases for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In order to survive a 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Seventh Circuit explained, "To withstand a Rule 12(b)(6) challenge after *Iqbal* and *Twombly*, 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together,' and the question the court should ask is '*could* these things have happened, not *did* they happen.'" *Estate of*

2

*Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (emphasis in original) (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010)).

In determining the sufficiency of the complaint, the court assumes well-pleaded factual allegations to be true and draws all reasonable inferences in the light most favorable to the plaintiff. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). Plaintiff proceeds *pro se*, thus her complaint "must be liberally construed and is entitled to less stringent scrutiny than those prepared by counsel." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). While Plaintiff's complaint is held to less stringent standards, a *pro se* litigant is still required to abide by the rules of procedure: "Although we should view *pro se* pleadings liberally, such pleadings may not be merely conclusory. The complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Tyson*, 845 F.2d 1451, 1459 (7th Cir. 1988) (citing *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980)). The Seventh Circuit elaborated, "[A]lthough the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion. Accordingly, '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (internal citations omitted) (quoting *Iqbal*, 556 U.S. at 679). Thus, for the purpose of ruling on Defendant's motion to dismiss, the court accepts as true the well-pleaded facts set forth in Plaintiff's complaint.

**III.   Discussion**

Plaintiff appears to be confused regarding the claim she has brought against Defendant. In her response to Defendant's motion to dismiss, Plaintiff wholly disregards Defendant's 12(b)(6) motion by stating, "Defendant . . . would have Plaintiff prove up a case that has not been filed yet." (Plaintiff's Opposition at 2). Accordingly, Plaintiff seems to have filed her FDCPA and negligence claims against Defendant, not with the intention of proving those claims or obtaining relief arising from them, but rather for the sole purpose of having the court decide whether Defendant can legally collect on the debt at issue. As Plaintiff explains, "The entire point of the suit was to insure [sic] that Plaintiff was making payments to the beneficiary on the note." (*Id.*). Plaintiff also declares that once "the true beneficiary shows his face," Plaintiff will assert the supplemental claims that are listed in her response (e.g., fraud, inconsistencies in the documentation, failure to provide proper notice) against that entity. (*Id.*). Thus, Plaintiff appears to be under the impression that she has filed for declaratory judgment on the matter of Defendant's ability to collect on the debt, but that is not the case that is before the court. In her complaint, Plaintiff sets forth three causes of action: two FDCPA claims and one negligence claim. The court must consider these claims as they have been pleaded, not the declaratory judgment action Plaintiff likely intended to file.

**A.   FDCPA Claims**

Plaintiff first asserts two causes of action arising under the FDCPA. Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e and 1692f "by providing false and misleading information by mailing a dunning letter dated June, 2013 by U.S.P.S. to

4

the Plaintiff which asked for a lump sum of money" [sic].  (Complaint at 11, 11:13-16).  Plaintiff also alleges that Defendant "ma[de] direct, indirect, and valid threats of dire consequences to plaintiff if Plaintiff failed to pay the alleged debt."  (*Id.*, 11:28-29).

However, Plaintiff fails to demonstrate that Defendant is a debt collector within the meaning of the FDCPA.  This court highlighted the distinction between a debt collector and creditor in a similar case:

> Under the FDCPA, the term "debt collector" is subject to several exceptions.  Notably, a "debt collector" is not a "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person" or "concerns a debt which was not in default at the time it was obtained by such person . . . ."  A creditor, on the other hand, is a "person who offers or extends credit creating a debt or to whom a debt is owed. . . ."  The FDCPA governs debt collectors, not creditors.  A bank creditor seeking to collect on a debt does not become a "debt collector" for purposes of the FDCPA.

*Woods v. Wells Fargo Fin. Bank*, 753 F. Supp. 2d 784, 791 (S.D. Ind. 2010) (internal citations omitted).  Here, Prime 1 (Defendant's predecessor in interest) extended a line of credit to Plaintiff in May 2006.  Defendant is now attempting to collect on this loan, which was not in default at the time the loan was extended to Plaintiff or when it was assigned to Defendant.  In other words, Defendant is attempting to collect its own debt under its own name.  Therefore, Defendant is a creditor, not a debt collector, for purposes of the FDCPA.  As a creditor, Defendant does not fall within the purview of the FDCPA.

Even assuming, *arguendo*, that Plaintiff could demonstrate that Defendant is a debt collector for purposes of the FDCPA, she "must give enough details about the

subject-matter of the case to present a story that holds together." *Estate of Davis*, 633 F.3d at 533.  Under Subsection 1692e, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute then lists sixteen examples of conduct that violates the subsection, but Plaintiff fails to specify which, if any, of the representations in the statute match Defendant's conduct.  Plaintiff appears to allege a violation of 1692e(2)(A), which corresponds to the false representation of "the character, amount, or legal status of any debt": "Defendant failed to clearly and fairly communicate information about the amount of the alleged debt to Plaintiff.  This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collections costs, this is in violation of 15 U.S.C. 1692(e)" [sic].  (Complaint at 11, 11:22-25). However, Plaintiff provides no facts to support a 1692e(2)(A) claim.  She simply posits that *if* Defendant included the expenses she set forth as a part of the total amount due, there would be a FDCPA violation.  Thus, Plaintiff does not even affirmatively state that a 1692e(2)(A) violation has occurred.  Rather, she merely speculates that such a violation *might* have occurred.

      According to Subsection 1692f, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Similar to Subsection 1692e, Subsection 1692f provides a list of eight examples of conduct that violates the statute.  Again, Plaintiff fails to specify which, if any, of the representations in the statute matches Defendant's conduct.  Plaintiff alleges that Defendant made "direct, indirect, and valid threats of dire consequences," but provides no facts to support this allegation.

Noticeably absent from Plaintiff's complaint is a copy of the June 2013 "dunning letter" or even specific language that is quoted from that letter.

Plaintiff's second FDCPA claim is merely a two-sentence conclusory statement: "Defendants 'Bill' meets the definition of overshadowing. The overshadowing in the document sent to the Plaintiff stated to 'balance due' and 'account paid in full which overshadows the consumer warning on the document." [sic]. (Complaint at 11, 11:32-34). No other facts are pleaded in support of this claim; it is a naked assertion. Plaintiff fails to quote language from the "bill," include a copy of it with the complaint, or even identify the specific document to which she is referring. As the *McReynolds* Court held, "[A]llegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." 694 F.3d at 885.

In the light most favorable to the Plaintiff, the two causes of action arising under the FDCPA, as pleaded in the complaint, do not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Most notably, Defendant is not a debt collector for purposes of the FDCPA, and thus does not fall within the purview of the act. Consequently, an opportunity for Plaintiff to amend her complaint so as to include sufficient facts for her FDCPA claims would be futile. Accordingly, Plaintiff's FDCPA claims against Defendant are dismissed with prejudice.

  **B.**   **Negligence Claim**

Plaintiff's third cause of action is titled "negligence," but it is unclear what type of claim she actually intends to assert. Plaintiff initially concludes, "Defendant has

perpetrated, and continues to perpetrate an act of negligence against Plaintiff by attempting to collect a debt when Defendant has failed to provide the statutorily required validation of said debt." (Complaint at 4, 11:14-16). Yet, Plaintiff goes on to characterize her third claim against Defendant as criminal fraud, criminal negligence, a civil tort, common law fraud, common law negligence, and common law negligence *per se*. (*Id.*, 11:15-17).

Assuming that Plaintiff intends to assert a negligence claim, Plaintiff must plead facts that show her claim of negligence is plausible in order to survive Defendant's 12(b)(6) motion. Under Indiana law, a plaintiff asserting a claim for negligence must prove the existence of three elements: "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." *King v. Northeast Sec., Inc.*, 790 N.E.2d 474, 484 (Ind. 2003) (citing *Ashcraft v. N.E. Sullivan County Sch. Corp.*, 706 N.E.2d 1101, 1103 (Ind. Ct. App. 1999)). Plaintiff supports her negligence claim by asserting a number of legal conclusions rather than facts (e.g., "Defendant made a false representation to Plaintiff demanding payment on a debt."). (Complaint at 4, line 10). Plaintiff's only facts cited in support of this claim pertain to the June 2013 "dunning letter." The Complaint explains that the letter, which was sent via the United States Postal Service, directed Plaintiff to send Defendant a monthly payment of $810.97. (*Id.* at 12, 11:4-6). These few facts, in and of themselves, lack a clear link to the elements of a negligence claim. Therefore, the court finds that Plaintiff has not pleaded "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's negligence claim is dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, the court finds that Plaintiff has failed to state a claim upon which relief can be granted, thereby authorizing dismissal under Federal Rule of Civil Procedure 12(b)(6). Therefore Defendant's Motion to Dismiss (Docket # 13) is **GRANTED with PREJUDICE** as to Plaintiff's FDCPA claims, and **GRANTED without PREJUDICE** as to Plaintiff's negligence claim.

With respect to the negligence claim, Plaintiff shall have **thirty days from the date of this entry** to file an amended complaint. The amended complaint, if filed, shall conform to the following guidelines:

1. The amended complaint must establish this court's subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction).
2. The amended complaint shall comply with the requirement of Rule 8(a)(2) that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief";
3. The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances;
4. The amended complaint must identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury; and

5. The amended complaint shall contain a clear statement of the relief that is sought.

If no amended complaint is filed within thirty days of this entry, the negligence claim will be dismissed pursuant to Defendant's 12(b)(6) motion for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

**SO ORDERED** this 9th day August 2013.

                           RICHARD L. YOUNG, CHIEF JUDGE
                           United States District Court
                           Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Mia Jones Daviner
P.O. Box 493
North Vernon, IN  47625